THE CENTENNIAL NATIONAL BANK *et al.*

*v.*

FELIX G. FARRELL.

*Filed at Springfield May 11, 1897.*

1. APPEALS AND ERRORS—*Supreme Court cannot review facts except in specified cases.* Under section 89 of the Practice act, as amended in 1877, (Laws of 1877, p. 153,) the Supreme Court may re-examine cases at law brought to it by appeal or writ of error as to questions of law only, except in the cases specified in section 88 of that act.

2. SAME—*Appellate Court finding facts different from trial court must recite such facts in its judgment.* The provisions of section 87 of the Practice act, as amended in 1877, (Laws of 1877, p. 153,) require that where the Appellate Court determines a cause wholly or in

part as a result of findings different from the trial court, the facts found must be recited in its judgment.

3. SAME—*in absence of recital of facts Appellate Court's finding is presumed to correspond with trial court's.* In the absence of a recital of facts in the judgment of the Appellate Court it will be presumed that its findings of facts correspond with those of the trial court.

4. SAME—*statement of facts in Appellate Court's opinion is not a compliance with the statute.* A statement of facts contained in the Appellate Court's opinion is not a recital of facts in its judgment, as contemplated by section 87 of the Practice act.

5. SAME—*proper judgment on reversal for failure of Appellate Court to recite facts found.* Where the Appellate Court reverses a judgment on facts alone, without remanding or reciting the facts found in its judgment, the Supreme Court, on appeal, where no error of law appears, will reverse the judgment and remand the cause, with directions to the Appellate Court to affirm the judgment of the trial court provided it finds the facts the same as that court, or, if it finds the facts different, to render judgment accordingly and recite the facts so found.

*Farrell* v. *Centennial Nat. Bank,* 65 Ill. App. 401, reversed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. LYMAN LACEY, Judge, presiding.

R. W. MILLS, for plaintiffs in error.

W. P. CALLON, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

William Epler obtained a judgment in the county court of Cass county, against James E. Caywood, for $517.68, and the Centennial National Bank obtained a judgment in the circuit court of Cass county for $650.56. Executions were issued on these judgments 'and levied on a quantity of corn. Subsequently other executions were issued and returned *nulla bona.* After the return, and in the month of February, 1895, writs of garnishment were issued against Felix G. Farrell and George Chittick. At the April term, 1895, of the circuit court of Cass county the two proceedings in garnishment were consolidated,

and on a trial of the issues before a jury a verdict was returned in favor of Epler and the bank, against Felix G. Farrell, for $1028.33, upon which the court entered judgment. Felix G. Farrell prosecuted an appeal to the Appellate Court, where the judgment was reversed, and to reverse the judgment of the Appellate Court Epler and the bank have sued out this writ of error.

On the trial in the circuit court no instructions were asked or given, and, so far as appears, no question was raised in regard to the admission or exclusion of evidence. Indeed, the questions involved were purely questions of fact, to be determined from the evidence. The Appellate Court, upon a consideration of the errors assigned, reversed the judgment of the circuit court but entered no remanding order.

We have looked into the record and find no error of law upon which the Appellate Court could reverse the judgment. Moreover, if the judgment had been reversed for an error of law, the Appellate Court would, no doubt, have remanded the cause in order that the error might be corrected on another trial. It seems, therefore, apparent that the Appellate Court reversed the judgment for the reason that court found the facts different from the circuit court. But the statute (Practice act, sec. 87,) provides: "If any final determination * * * shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts * * * different from the finding of the court from which such cause was brought, * * * it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts so found." Here no finding of facts was made and incorporated into the judgment, as required by statute. In the absence of such a finding of facts the judgment of the Appellate Court is necessarily erroneous, as, in the absence of a finding of facts different from the circuit court and incorporating such finding in its final judgment, it will be presumed that the Appellate Court found the facts the

same way as the circuit court, which would lead to an affirmance of the judgment by that court.

In the arguments of counsel for the respective parties the case is discussed and argued as if the question of fact were fairly before this court, and it were for this court to determine, from the evidence, which one of the parties was entitled to recover. This is a misapprehension of the law. Section 89 of the Practice act expressly provides that "the Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only," except in certain specified cases, this case not falling within the exception.

It is suggested in the argument of defendant in error that the Appellate Court found the facts different from the circuit court, as appears from the opinion of the Appellate Court. This may be true; but that does not obviate the difficulty, as the statute requires the Appellate Court to recite in its final order, judgment or decree the facts as found. A statement of facts in the opinion is not a compliance with the statute.

The judgment of the Appellate Court will be reversed and the cause will be remanded, with directions to the Appellate Court, if it shall find the facts as found by the circuit court, to affirm the judgment of that court, but, on the other hand, if it shall find the facts different from the circuit court then it shall render such judgment upon the facts thus found, as the law shall require, and recite the facts as found in its final judgment, as directed by the statute. This conforms to the law as laid down in *Coalfield Co.* v. *Peck,* 98 Ill. 139, *Fitzsimmons* v. *Cassell,* 98 id. 332, *Thomas* v. *Fame Ins. Co.* 108 id. 91, and *Commercial Ins. Co.* v. *Scammon,* 123 id. 601.     *Reversed and remanded.*