## ALBERT G. WILBOR, Jr.

*v.*

## JOHN M. EWEN.

*Opinion filed February 19, 1900.*

1. APPEALS AND ERRORS—*when Appellate Court must remand.* Upon the reversal of a judgment for errors of law in rulings on evidence or instructions it is the duty of the Appellate Court to remand.

2. SAME—*when Appellate Court may reverse without remanding.* Under section 87 of the Practice act the Appellate Court may reverse without remanding if its judgment is based wholly or in part upon its finding of the facts different from the findings of the trial court, provided it recites in its judgment the facts as found by it.

3. SAME—*when Supreme Court may examine record for facts.* Where the Appellate Court has reversed the judgment because of the trial court's refusal to instruct the jury to find for the defendant, the Supreme Court may look into the record to see whether there was any evidence tending to prove the plaintiff's case.

4. SAME—*presumption where Appellate Court does not recite facts in its judgment.* In the absence of any recital of facts in its judgment it will be presumed that the Appellate Court found the facts the same as the trial court.

5. SAME—*when Appellate Court's judgment is erroneous.* It is error for the Appellate Court to reverse a judgment on the sole ground that the trial court erred in not instructing the jury to find for the defendant, where such judgment of reversal contains no recital of facts, since it must then be presumed that both courts agreed upon the sufficiency of the evidence to sustain the plaintiff's case, which, in the absence of errors of law, would require an affirmance.

*Ewen v. Wilbor,* 70 Ill. App. 153, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

On the seventh of June, 1893, one Warren Ewen, Jr., made and delivered to the appellant his promissory note, due "on demand six months after date," for $1250, to the order of Albert G. Wilbor, Jr., "at my office, Chicago, Illinois." This note was a renewal of a like note made November 15, 1892, both being guaranteed by the appellee, on which contract of guaranty this suit was brought.

Under the first and second special pleas filed by the appellee a contemporaneous agreement was entered into, as follows:

"This agreement, made this 15th day of November, A. D. 1892, by and between Warren Ewen, Jr., party of the first part, and Albert G. Wilbor, Jr., party of the second part, both of the city of Chicago, Illinois:

"*Witnesseth:* That whereas the said party of the first part is the owner of the rights in certain territory of the United States for certain patents known as the 'Multi-Color Dry Process,' and has applied for certain other letters patent for improved process of making 'blue-prints,' and is about to apply for others, and is likely to improve upon the same, and to use, invent and to own other patent processes for copying; and whereas, said party of the first part believes and represents unto the said party of the second part that by reason of the superiority of said processes over all others he can procure the same, some or all of them, to be adopted by the United States government for general use in the making of plats, prints and drawings used by government architects in and about all United States government architectural work:

"Now, therefore, in consideration of the premises and of the further sum of one ($1.00) dollar in hand paid by the said party of the second part to said party of the first part, and of other good and valuable considerations,

the receipt of which is hereby acknowledged, the said parties of the first and second parts, respectively, do hereby mutually covenant, promise and agree, each with the other, as follows:

"*First*—The said party of the first part hereby agrees to use his best endeavors to procure the adoption by the said government of said processes for use in all government architectural work, and in the event of being successful in procuring the same or any of them to be so adopted, all profits and other benefits arising therefrom are to be shared by the parties hereto in equal proportions. Whatever contract, agreement or arrangement that shall or may be made with said United States government regarding said processes, or any of them, shall be made between said government on the one hand and Warren Ewen, Jr., and Albert G. Wilbor, Jr., on the other hand, the intention being that each of the parties hereto shall take in his own name and own an undivided one-half interest in any and all contracts, agreements or arrangements that may or shall hereafter be made with the United States government respecting the use of said processes, or any of them.

"*Second*—The said party of the second part has, upon the ensealing and delivery of these presents, deposited with the said party of the first part, as a special deposit and earnest of good faith herein, the sum of twelve hundred and fifty ($1250) dollars, the receipt of which is hereby acknowledged by said first party. Said sum of twelve hundred and fifty ($1250) dollars shall be held by said party of the first part as a special deposit; but it shall immediately, upon the receipt of said second party of a duly executed agreement or contract between the United States government and the parties hereto providing for the adoption for general use in government work of any of said processes, become the property of the said party of the first part, to compensate him in full for his services and the sale to the said party of the

second part of said one-half interest in said contract or agreement, and in all such other contracts, agreements and arrangements as shall hereafter be made with the United States government respecting the use of the said processes, or any of them, as above mentioned: *Provided*, *however*, that unless said contract or agreement with the said government is consummated on or before May 15, A. D. 1893, said sum of twelve hundred and fifty ($1250) dollars shall, at the option of said party of the second part, be then returned by said first party to said second party, and then and in that case this agreement shall be ended and from thenceforth absolutely null and void. Should said second party, however, not elect to have said sum of twelve hundred and fifty ($1250) dollars returned to him, as aforesaid, it shall continue to be held by said first party as such special deposit aforesaid until said government contract or agreement shall be made or until demanded by said party of the second part, when it shall be at once due and payable to him.

"In order to better secure the re-payment of said sum of twelve hundred and fifty ($1250) dollars in the event that re-payment thereof should be demanded, the said party of the first part has made, executed and delivered his note of hand for said sum, of even date herewith, payable on demand after six months after date, to the order of said party of the second part, at the office of said first party, Chicago, Illinois, and has procured said obligation to be guaranteed by John M. Ewen, of Chicago, Illinois.

WARREN EWEN, Jr.,   [Seal.]<br>ALBERT G. WILBOR, Jr.  [Seal.]"

It was alleged that the $1250 mentioned in the above agreement was not deposited as alleged. Replications to these two pleas were filed, which took issue that the deposit was not made, and the evidence showed that appellant drew in favor of the maker of the note two checks, one for $1000 and one for $250.

Five other special pleas were filed, setting up other transactions between the plaintiff and the maker of the

note, in the third of which it was averred that the $1250 mentioned in the contemporaneous agreement was afterwards, by and with the consent of the plaintiff and without the knowledge of the defendant guarantor, applied to the payment of expenses of a joint venture and agreement entered into by the plaintiff and the maker of the note, by reason whereof the defendant, as guarantor, was discharged from all liability for the return of the special deposit mentioned in said contemporaneous agreement. The fourth additional plea averred that the plaintiff never demanded of the maker of the note the return of the special deposit. The fifth additional plea alleged that the plaintiff had in his hands the sum of $3000, which was the property of the maker of the note, and, with knowledge of the insolvency of the payee, fraudulently contriving and intending to injure the defendant and fix his liability as a surety for the return of the special deposit mentioned in the contemporaneous agreement, procured the maker of the note to execute and deliver to the plaintiff, without any good and valuable consideration, a release and discharge from all claims which the maker of the note had against the payee thereof, by reason of which the defendant, as guarantor, was discharged from all liability. The sixth additional plea averred certain contracts were entered into between the payee of the note and the maker thereof, by which the payee was desirous of raising the sum of $1250, and the maker of the note made certain representations to the defendant guarantor to induce the latter to guarantee the note as accommodation paper, to enable the payee to raise the sum of $1250, and that the note in suit was a renewal of said note for the same purpose, and was delivered and accepted solely as accommodation paper for the purpose aforesaid and without any intention of creating any liability on the part of the guarantor to the plaintiff, whereby there was an entire want of consideration as between the guarantor and the plaintiff. The seventh special

plea was a plea of set-off. There was also filed the general issue.

Issue was taken on these several pleas, and on trial before a jury in the circuit court of Cook county a verdict and judgment were entered for the sum of $1250, in favor of the plaintiff. A motion for a new trial was overruled, to which the defendant excepted, and an appeal was prosecuted to the Appellate Court for the First District, where that judgment was reversed and the cause was not remanded. From the judgment of the Appellate Court this appeal is prosecuted.

CHARLES M. WALKER, and CHARLES M. SHERMAN, for appellant.

HENRY M. BACON, and HENRY SCHOFIELD, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

By section 90 of the Practice act (Hurd's Stat. 1897, p. 1218,) it is provided: "The Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or appellate courts upon controverted questions of fact in any case,"—with certain exceptions. The case presented by this record does not fall within any of the exceptions to that act.

By section 88 of the same act it is provided: "If any final determination of any cause * * * shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in

such cause." In the judgment of the Appellate Court it is recited that the judgment of the circuit court of Cook county "be reversed, annulled, set aside and wholly for nothing esteemed, the said error being that the said circuit court refused to instruct the jury to find for the appellant, as requested by the said appellant."

It will be observed that the Appellate Court reversed the judgment of the circuit court but did not remand the cause. It will also be noticed that the Appellate Court did not find the facts and recite in its final judgment the facts as found.

In the Appellate Court numerous errors were assigned, among others, that the circuit court erred in the admission and exclusion of evidence; also in giving and refusing instructions. But the judgment of the circuit court was not reversed on the alleged errors in the admission or exclusion of evidence, or the giving or refusing of instructions, or any other error assigned on the record, (except as to the instruction to find for the defendant, which will be considered hereafter,) because if the reversal had been upon these grounds it would have been the duty of the Appellate Court to remand the cause to the circuit court for another trial, where the errors might have been corrected, as held in *Post* v. *Union Nat. Bank,* 159 Ill. 421, *Siddall* v. *Jansen,* 143 id. 537, *Hately* v. *Pike,* 162 id. 241, and *Scovill* v. *Miller,* 140 id. 504, and a refusal to remand, in such case, would have been error. When the Appellate Court fails to make a finding of facts and incorporate such finding in its final judgment, as was the case here, it will be presumed that the court found the facts the same way as the circuit court, which would necessarily lead to an affirmance of the judgment, (*Centennial Nat. Bank* v. *Farrell,* 166 Ill. 513,) and a refusal to affirm, in such çase, would be error. The Appellate Court, however, bases its judgment of reversal on the ground, as appears from the recitation found in its judgment, that the circuit court erred in refusing an instruction

to find for the defendant. If the evidence introduced on the trial in the circuit court, with all proper inferences to be drawn therefrom, fairly tended to prove plaintiff's cause of action, the circuit court did not err in refusing to give the instruction to find for the defendant. Upon looking into the record, which is proper to be done in a question of this character, it will be found there is ample evidence tending to prove plaintiff's cause of action. Moreover, the circuit court found that the evidence sustained plaintiff's cause of action, and as the Appellate Court failed to find the facts differently and incorporate such finding in its final judgment, that court necessarily found the facts the same way as the circuit court, and hence its judgment holding that the circuit court erred in refusing the instruction to find for the defendant was inconsistent with the facts as it had found them, and erroneous.

From what has been said it is apparent that the judgment of the Appellate Court will have to be reversed and the cause remanded to that court for further consideration. If, when the case again comes before that court, the facts are held by the Appellate Court to be different from the facts as found in the circuit court, that court may predicate its judgment upon such different finding, and the facts so found must be recited in its judgment. If the facts be found by the Appellate Court in accord with the finding in the circuit court the judgment of the circuit court should be affirmed, unless the court, upon consideration of the errors assigned in regard to the ruling of the circuit court in the admission and exclusion of evidence and in the giving and refusing of instructions, should find substantial error, when, of course, the judgment should be reversed and the cause remanded for another trial.

The judgment of the Appellate Court will be reversed and the cause remanded to that court.

*Reversed and remanded.*