THE CENTRAL RAILWAY COMPANY
*v.*
ADDIE KNOWLES.

*Opinion filed June 19, 1901.*

1. EVIDENCE—*what tends to establish cause of action against street railway company.* In an action against a street railway company for negligence, a peremptory instruction to find for the defendant is properly refused where the evidence is that plaintiff was driving along the street delivering vegetables; that a street car passed the wagon and stopped some distance ahead; that plaintiff started to cross the track in the rear of the car, when it suddenly backed up without warning and overturned the wagon, throwing the plaintiff out and injuring her.

2. INSTRUCTIONS—*peremptory instruction asked as one of the series comes too late.* A peremptory instruction to find for the defendant should be requested at the close of the evidence, and comes too late when asked as one of the series submitting the case to the jury.

*Central Ry. Co.* v. *Knowles,* 93 Ill. App. 581, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge presiding.

This is an action, brought by appellee against the appellant company to recover damages for personal injuries, claimed to have been sustained by her on Novem-

ber 14, 1899, in the city of Peoria in a collision with one of the street cars then being operated by appellant on Adams street in that city. The trial below resulted in verdict and judgment in favor of appellee, from which an appeal was taken to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court, and this appeal is prosecuted from such judgment of affirmance.

In its decision of this case the Appellate Court makes the following statement: "Appellee's husband kept a market garden, and appellee drove a one-horse market wagon into the city, and delivered vegetables at the houses of their customers. She has been engaged in this business four years. On November 14, 1899, she was driving south on Adams street by the side of appellant's street car tracks, and was sitting upon a high seat on the market wagon. A little ahead of her was Chestnut street, crossing Adams street at right angles. Appellant had two lines from that point, one line continuing along Adams street, and the other turning east on Chestnut. The Main street cars turned on to Adams street several streets further north, passed along Adams to Chestnut, and then turned down Chestnut. There was a switch at the junction of Adams and Chestnut streets, and, when a Main street car came along Adams street and wished to turn down Chestnut street, it was necessary for the motorman to stop or nearly stop his car, and turn the switch, if not already turned. A Main street car passed the appellee, going south, a short distance north of this switch. After it passed her, she turned to drive across to the other side of the street. The motorman failed to turn the switch, and ran a few feet by. It became necessary to back the car to the switch.  *  *  *  The motorman started the car backward, and it moved back several feet, the precise number being variously estimated by different witnesses.  *  *  *  The wagon was struck by the car, and she was thrown from her high seat to the ground and injured."

I. C. PINKNEY, for appellant.

ARTHUR KEITHLEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case the argument in behalf of the appellant is taken up almost entirely with a discussion of questions of fact. Counsel for appellant seeks to establish in his brief, that the verdict was contrary to the weight of the evidence. The weight of evidence is not a matter for our consideration. The judgments of the lower courts are conclusive upon this court as to the facts.

At the close of all the evidence, counsel for the appellant submitted an instruction to the court, directing the jury to find for the defendant below. This instruction was refused. Whether or not the action of the court in refusing to give this instruction was correct is the only question, which we can consider in this case. The court properly refused the instruction, so asked by the appellant, for two reasons.

In the first place, the instruction was properly refused for the reason that it was submitted with other instructions for the appellant. It has been held by this court that, where the defendant desires the court to pass upon the legal question whether or not there was any testimony before the court tending to prove the plaintiff's case, and to bring that question before this court for review as a question of law, the defendant should ask to have the case withdrawn from the jury before the final submission of it. The rule has recently been thus stated: "If a party desires to rely upon a peremptory instruction to find for the defendant, such instruction must be asked at the close of the evidence for the plaintiff, or at the close of all the evidence. It is too late to submit an instruction of that character with a series of other instructions." (*Chicago Great Western Railway Co.* v. *Mohan;*

187 Ill. 281, and cases there cited). Counsel for appellant insists, however, that an examination of the abstract, presented by him, will disclose that the instruction in question was not submitted with the series of other instructions. If the contention of counsel in this regard is correct, it is nevertheless true that the instruction was properly refused for the second of the reasons above referred to, namely, that there is evidence in the record tending to establish the cause of action, set up in the declaration of the plaintiff below.

It has come to be quite common with counsel for the defense in personal injury cases to ask for an instruction, directing the jury to find for the defendant. This instruction seems to be asked in many cases, merely for the purpose of forcing this court to make a review of the evidence. It is not the function of this court to discuss the facts in common law cases, which are tried before juries, inasmuch as the judgments of the lower courts are final and conclusive in regard to the facts. Therefore, an instruction to find for the defendant should never be asked by counsel where it is clear that there is evidence in the record, tending to establish the cause of action. Such an instruction should only be asked where there is doubt as to the tendency of the evidence to support the cause of action, and where it is a fair subject of inquiry whether the evidence does or does not have such tendency. In the case at bar, it is quite clear to our minds that the evidence tended to show a cause of action, and whether or not the weight of the evidence was with the plaintiff or the defendant below was a matter for the lower courts, and not for this court.

In the case at bar, the testimony tends to show that, when the street car reached Chestnut street, it passed on down Adams street without turning to the east on the switch tracks, which ran from Adams street into Chestnut. The appellee, who was driving along the side of the car, or in the rear of it, seeing that the car did not

turn to the east on Chestnut street, turned her wagon to cross the tracks, when the car, instead of continuing to go forward, suddenly backed and struck her wagon. As is said by the Appellate Court in its opinion: "The common course of street cars is forward and not backward;" and a person, traveling along a public street, would not ordinarily be required to watch a car that had passed to see if it was not going to stop and run backward instead of going forward. There was evidence, tending to show that the appellee did not know that the car was going to stop its forward motion, and make a backward movement. It seems that, in such cases, bells are rung as signals between the motorman and the conductor, from the motorman to advise the conductor that he wishes to go back, and from the conductor to advise the motorman that the track is clear for him to go back. There is testimony, tending to show that these signals in the present case, even as between the motorman and the conductor, were not given at all. There is also evidence tending to show that, even if they were given, they were not heard by the appellee. There is also evidence, tending to show that these signals are not intended as guides for persons traveling along the street or across the street car tracks, but only as guides for the motorman and the conductor as between themselves. Such being the tendency of the proof, it cannot be said that there was no evidence tending to show that the appellee was in the exercise of ordinary care for her own safety and the safety of her wagon.

There was evidence also tending to show negligence on the part of the appellant. In Croswell's work on the law relating to electricity, (sec. 743), it is said: "One of the most important points in the operation of an electric car is that the motorman should keep a careful watch ahead to see what is before him and thus guard against accidents. Inattention on his part to the business of governing the motions of the car, as required by the actions of teams and travelers, is negligence of the com-

pany; and if the car is backing, there should be some one on the rear end to look out for travelers." There is evidence tending to show that, when the car had passed on down Adams street beyond the switch instead of turning to the east on Chestnut street, and appellee had turned her wagon to cross the tracks, the conductor was standing with his back turned toward appellee, and towards the tracks in the rear of the car. If this was so, then the record presents a case where a street car was backing, and there was no one on the rear end of it who was looking out for travelers.

In view of what is said above, we are of the opinion that the court below committed no error in refusing to give the instruction asked by the appellant.

Accordingly, the judgment of the Appellate Court is affirmed.                                   Judgment affirmed.