(No. 14191.—Reversed and remanded.)
JESSIE H. COOK, Defendant in Error, *vs.* PAUL KORSHAK,
Plaintiff in Error.

*Opinion filed February 22, 1922.*

1. PLEADING—*a defense in abatement of suit must be relied on in affidavit of defense.* A defendant sued in trover in the municipal court of Chicago cannot introduce evidence that the suit should have been brought against the members of a limited partnership to which he belonged, where he makes no such claim in his affidavit of defense but enters his appearance and defends the suit in the same capacity in which he was sued.

2. APPEALS AND ERRORS—*when question of sufficiency of evidence is not saved for review.* The question of the sufficiency of the evidence to make out the plaintiff's case in a suit at law tried by a jury is not preserved for review by the Supreme Court where no motion was made in the trial court to direct a verdict for the defendant.

3. TROVER—*a vendor's declaration that he stole the property is not admissible in trover against vendee.* In an action of trover to recover the value of a diamond alleged to have been sold to the defendant, who was a pawnbroker, a statement by the vendor to a third person that he stole the diamond and sold it to the defendant, although made in the defendant's presence, is hearsay and is not admissible.

4. SAME—*when value of stolen diamond is not established by expert testimony.* In an action of trover, where the defendant is alleged to have purchased and converted to his own use a diamond stolen from the plaintiff, expert testimony as to the value of other diamonds which the plaintiff introduces in evidence and claims to be similar to the one stolen cannot be made the basis of a finding as to the value of the latter; nor can such finding be based on expert testimony as to the value of a diamond produced by the defendant as being the diamond which he purchased but which is not proven to be the one stolen.

5. SAME—*evidence of offer to compromise with defendant is not admissible against him.* In an action of trover against a pawnbroker to recover the value of a stolen diamond ring which he is alleged to have purchased, evidence that the plaintiff's husband offered to pay the defendant a certain sum which had been recovered from the thief if the defendant would return the ring, and that he refused to accept the money, is not admissible, whether the offer was made before or after the suit was begun.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES F. McKINLEY, Judge, presiding.

LESLIE H. WHIPP, for plaintiff in error.

GOODNOW, MATTHEWS, LUCIUS & BUEHLER, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This action was originally begun in the municipal court of Chicago as an action of replevin by Jessie H. Cook to recover a diamond ring. Afterwards she filed her statement of claim in trover, under which she recovered a judgment in the sum of $1200 against plaintiff in error, Paul Korshak, doing business as the Illinois Pawners' Society. On appeal to the Appellate Court for the First District the judgment was affirmed. A petition for a writ of *certiorari* was allowed by this court.

The facts found in the record and not controverted are the following: Defendant in error was the owner and in possession of a diamond ring on December 30, 1919, which was on that day stolen by her son, Samuel A. Wallace, who was about twenty years of age. She had owned this ring for about eighteen years. On the same day, December 30, 1919, her son took a ring, or a diamond set in it, to the plaintiff in error's place of business in Chicago and sold it to him for $600. On the same day the son deposited $400 in the Fort Dearborn National Bank of Chicago and checked out $35. On the next morning he confessed to taking his mother's ring and selling it to plaintiff in error, and accompanied his mother and her husband, Charles M. Cook, and her brother, H. J. Hamlin, to plaintiff in error's place of business, and there again confessed, in the presence of plain-

tiff in error, that he had stolen the ring. Defendant in error demanded possession of the ring, but plaintiff in error refused to surrender the ring or the diamond or to exhibit either of them to her or to any of the parties accompanying her. The son had checked out that morning the remainder of the $365 which he had deposited in the bank, and Charles M. Cook tendered this sum to plaintiff in error as salvage money, and stated to him that as it was clear that the ring had been stolen he ought to accept the money and settle the matter by returning the ring, but he again refused to accept the money or return the ring or the diamond or to allow them to see either of them. A policeman who had accompanied defendant in error and her party then entered a stop-order on the record of the sale entered by plaintiff in error in his books, and forbade the sale of the diamond.

Plaintiff in error was required on the trial of this cause to produce in court his record of the purchase from Samuel A. Wallace and also the ring or diamond purchased by him of Wallace. That record contained the following: "12/30/19.—Buy $600 Samuel Wallace, 1419 Hollywood; loose diamond of 2⅛ carat; age 23; average height, five feet seven; weight, 135 pounds; time, 9:15 in the morning." The above quotation, when interpreted under the evidence in this case, simply means that plaintiff in error bought this diamond on the date indicated for $600 of Samuel Wallace, that it is the size of 2⅛ carats, that he represented his age to be 23 years, etc., and that the diamond is what is called a loose diamond and was not set in the ring when purchased. Plaintiff in error produced what he claimed and testified to as being the same diamond sold him by Wallace. The expert witness of defendant in error testified that the diamond so produced would weigh 1¾ carats,—possibly 1⅞ carats,—and that it was eight millimeters in diameter. By his testimony he fixed the fair cash market value of the stone on December 30, 1919, at from $450 to $500 per carat, and said the value thereof in January, 1920,

was the same. He described it as a yellow stone with a small chip out of the edge of it, and having also another imperfection, and was not a first-class stone by any means. Plaintiff in error and his expert witnesses valued this stone at from $600 to $650, and described it as a yellow diamond or as a "commercial white." Their evidence was also to the effect that if the stone were set in yellow gold it would be whiter in appearance, and if set in platinum it would be whiter in appearance than if set in gold. This stone was not identified by any witness as the stone or diamond that was in defendant in error's ring. On the contrary, she testified that she could not say whether it was or was not the stone taken from her. Her husband and her brother both testified that they did not know whether it was or not her diamond, but that their best judgment was that it was not her stone.

Upon the foregoing proof being offered by the defendant in error, to the effect that the diamond produced in court by Korshak was not her diamond, she was permitted by the court, over the objection of Korshak, to introduce in evidence two other diamonds,—one set in an ear-ring and the other in a finger-ring,—and to make proof of their value. She had had these two diamonds, and the diamond which was stolen from her, for about eighteen years, and they were all originally set in a band-ring but were later set in separate rings, as aforesaid. Her testimony was to the effect that all three of the stones were practically of the same color or of the same degree of whiteness, and that the stone that was stolen was larger than either of the two exhibited in evidence. Her expert witness, who had never seen any of the stones except at the trial, testified that he estimated the size of the stone exhibited by her in the finger-ring at 2⅛ carats and valued it at $800 per carat. He described it as a perfect white stone. He estimated the size of the stone in the ear-ring at from 1⅝ to 1¾ carats and valued it at $900 per carat, or $100 per carat more than

the other stone exhibited by her.  Korshak and his experts valued the finger-ring stone at from $700 to $800 and the stone in the ear-ring at from $800 to $900.

Plaintiff in error sought to introduce in evidence in this case proof that the Illinois Pawners' Society is a limited partnership composed of several individuals and that the diamond was purchased of Wallace by that firm; that plaintiff in error was not doing business as the Illinois Pawners' Society, and that he was not therefore individually liable, in any view of the case, to defendant in error for the value of the diamond in question, and that the suit ought to have been brought against the members of the partnership.  No such facts were pleaded by him in this case.  On the contrary, he entered his appearance in this case as "Paul Korshak, doing business as Illinois Pawners' Society," and also signed his pleadings or his affidavit of defense in the same manner.  The first time that such a defense was suggested by him was when he offered the evidence aforesaid.  The evidence was clearly inadmissible, as it was not relied on in his affidavit of defense.  Defenses in abatement of the suit must be pleaded or relied on by a sufficient statement made in the affidavit of defense, and were waived in this case by plaintiff in error defending this suit in the same capacity in which he was sued.  He did not at any time ask the court to withdraw or amend in any particular his affidavit of defense.

It is true as stated by defendant in error that we are bound by all controverted questions of fact settled by the Appellate Court in this case.  Having affirmed the judgment the presumption must be indulged that the Appellate Court found the facts as they were found by the trial court and the jury in that court.

Plaintiff in error contends that there is no competent evidence in this record to prove that the diamond in question sold to him by Samuel Wallace was the property of defendant in error, and that whether or not there is such compe-

tent evidence in this record is a question of law, which this court may pass on in this case. It is true that it was incumbent on defendant in error to prove that the diamond in question sold to plaintiff in error by Wallace was her diamond, and whether or not there is competent evidence in the record to prove that ultimate fact is a question of law. That question of law, however, was not raised in the lower court in a manner to be preserved for review by this court, as there was no motion at the close of defendant in error's evidence, or at the close of all the evidence, to direct a verdict for plaintiff in error. It is necessary to make such motion at the close of all the evidence in order to preserve the question of law for review in this court. (*Central Railway Co.* v. *Knowles,* 191 Ill. 241.) No such motion was made in this case at any time. Therefore the question of the sufficiency of the evidence to make out plaintiff's case is not preserved for review.

Over the objections of plaintiff in error defendant in error was allowed to prove that her diamond was stolen, and that in the presence of plaintiff in error her son confessed to stealing it and selling it to plaintiff in error. This was hearsay evidence purely and was not competent against the plaintiff in error over his objection. Wallace was not a witness on this trial. It is a familiar rule of law that a vendor's declaration after he has sold an article of personal property is inadmissible against the vendee to impeach the vendee's title to the property. The fact that the vendor is a thief and has stolen the article can add no greater force to his declaration, and the fact that the declaration is made in the presence of the vendee does not render the evidence competent.

The sum arrived at by the verdict of the jury as to the value of the ring stolen from defendant in error was evidently based upon the valuations placed upon the two diamonds exhibited to the jury by defendant in error. Evidence of the values of these diamonds could not form the

basis of a finding in this case as to the value of the diamond stolen from defendant in error. It is equally true that the value of the stone produced by plaintiff in error in court as the one sold to him was not admissible upon which to base such a finding, as the proof showed or tended to show that it was not her stolen diamond. Besides, the highest value placed upon this latter stone did not exceed $1000, and the verdict was for $1200. There was no competent evidence in the record, therefore, to prove the value of her stolen diamond even if the proof had established that plaintiff in error had that stolen diamond. This proof was offered upon the theory that inasmuch as plaintiff in error had refused to exhibit to her the diamond that he had purchased from Wallace and had failed to produce her stolen diamond, it was competent for her to prove the value of diamonds similar to the one that was stolen from her in order to establish the value of her missing diamond. Her counsel cite two cases which it is claimed support her theory. (*Cuebas* v. *Klein,* 61 N. Y. Supp. 923; *Sullivan* v. *Girson,* 39 Mont. 274.) We do not so understand these authorities. In the latter case it was held that where the defendant refused to produce stones of the plaintiff which were proved to be in the possession of the defendant and the ring in which they were set, it was competent for witnesses to describe as fully as they could the stones and the ring of the plaintiff, and even to admit as an exhibit a ring and a stone of similar quality and make to permit an expert to form an opinion as to the value of the ring and stone of plaintiff in the defendant's possession. In that case the ring of plaintiff was described as to appearance, make and quality of the stone, and the testimony of the expert was as to the actual value of the ring based upon such testimony, and not as to the value of the ring exhibited of like appearance, make, character and quality. A similar ruling and holding were made in the case of *Cuebas* v. *Klein,* supra.

301—39

In the case before us the only proof offered as to the stone stolen from defendant in error was that it resembled in color the two diamonds that were exhibited by her to the jury, mounted on gold rings. The opinions of the experts in this case were given as to the value of those exhibits and as to the value of the stone produced by plaintiff in error. This evidence was far from establishing sufficient proof of the description of the stolen stone, as to its appearance, quality and make. The value of diamonds can only be arrived at correctly by experts after a most careful examination by glasses adapted to that purpose. This the evidence clearly shows, and it further shows that the value of such stones depends upon their color and quality and also upon the manner in which they are cut, as well as upon whether or not they contain defects common to a great many diamonds. These defects may be flaws, carbon spots, bubbles or cracks in the stones and which cannot be detected by laymen, or such defects may consist of chips or breaks off the stones or imperfection in cutting. Such defects can only be determined by the aid of a glass described in the record as a "double loop" in the hands of an expert, and any one of the defects mentioned may detract largely from the value of a stone.

The husband of defendant in error was allowed to testify, over objections, that he told Korshak that Samuel Wallace was a minor and had stolen the ring, and that he offered the $365 that Wallace had checked out of the Fort Dearborn National Bank to Korshak, and told him that he would give him the money, regardless of its source, in settlement of his wife's claim against him, and that he refused to accept it. This testimony was incompetent and improper whether it was made before or after the suit was begun, and tended to prejudice the jury against plaintiff in error. It was in the nature of an offer to compromise the claim or suit, which offers are inadmissible. Besides, the jury most likely accepted the statement of this witness that

the ring was stolen and that Korshak was informed of that fact, and that the statement was sufficient to prove that Wallace stole the ring and that Korshak had it.

There are other errors assigned on this record that will not be discussed, as the facts upon which they are based are not likely to occur on another trial.

For the foregoing errors in the admission of evidence the judgments of the Appellate and municipal courts are reversed and the cause is remanded to the municipal court for further proceedings.    *Reversed and remanded.*