THE CHICAGO AND ALTON RAILROAD COMPANY

v.

HARRY D. HOWELL.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*adjudication of the Appellate Court is not necessarily conclusive of the question of assumed risk.* If the evidence is uncontradicted, harmonious and consistent, and clearly shows that a servant's injury was the result of an assumed risk, a judgment in his favor will be reversed by the Supreme Court, notwithstanding the Appellate Court affirmed the judgment.

2. MASTER AND SERVANT—*when servant does not assume risk of injury, as a matter of law.* A switchman cannot be said, as a matter of law, to have assumed the risk of injury due to the proximity of the end of a switch handle to passing cars, where it is not shown that he knew the situation or his attention had been directed to it.

3. EVIDENCE—*what proper upon subject of width of car.* Where the width of a car is a material question in an action for personal injuries, it is not error to permit proof that the particular car was one of a certain series and that cars of that series were all of the same size, and then allow measurements of that series to be given.

4. SAME—*distance between switch handle and car not a proper subject for hypothetical question.* The distance between the end of a switch handle, when turned toward the track, and passing freight cars, is not a proper subject for a hypothetical question.

5. SAME—*what proper cross-examination.* When defendant's witness in a personal injury case testifies that switch-stands like the one complained of had been in general use on railroads for the last twenty years, it is proper, on cross-examination, to show that they were being re-placed by others of a later pattern.

*Chicago and Alton Railroad Co.* v. *Howell,* 109 Ill. App. 546, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

Appellee, on the morning of December 15, 1901, at about 4:20 o'clock, was injured while performing his duties in the switch yards of appellant at Venice, Illinois, by one of appellant's cars. The car passed over his leg,

necessitating its amputation below the knee. Appellee brought an action on the case in the circuit court of St. Clair county, and was by the verdict of a jury awarded $11,000 damages. The circuit court required him to remit $1000 of this amount and entered judgment for $10,000. The appellant appealed to the Appellate Court for the Fourth District, where the judgment of the trial court was affirmed, and it has prosecuted a further appeal to this court.

The negligence charged in the declaration is, in substance, that appellant failed to furnish a reasonably safe place for appellee in which to work. Appellant filed the general issue to the declaration.

Appellee, on October 8, 1901, was employed by appellant as an extra switchman. From this time until the time of the injury he worked as a member of various switching crews as many days out of each week as appellant had work for him to do. These switching crews were composed of an engineer, fireman, foreman of the crew and two switchmen. The switchmen's duties consisted in uncoupling cars from the train to which they were attached, riding on the cars so cut off from the train and controlling them by means of a brake until they reached the place at which they were to be left. Appellee had been engaged in switching for various roads five or six years before entering appellant's employ.

In the lower end of the railroad yards of appellant at Venice was a switch controlled and operated by a handle on a switch-stand at the side of the track. It regulated two tracks. When turned to regulate one track the handle was parallel with the track, and when turned to regulate the other it was turned toward the track. This handle was about eleven inches long. When turned toward the track the end of the handle was forty-four and one-half inches from the rail of the track and about three feet above the ground. The side of a box-car of the width of the one plaintiff had hold of when the acci-

dent occurred, as shown by evidence in his behalf, projected over the rail twenty-five and one-half inches, and the ladder on the side of the car a distance of three inches farther, so that there was a space of approximately sixteen inches between the ladder of a car passing this switch and the handle of the switch-stand when turned toward the track.

On the morning of the injury the crew of which appellee was a member at that time was engaged in switching in the lower end of the yards, at and near this switch. Edwards, the other switchman of the crew, attempted to uncouple a car on the side farthest from the switch-stand in question, but the lever which controlled the coupling mechanism failed to work, and he called to appellee and told him it would have to be uncoupled from the other side. Appellee crossed the track and caught hold of the ladder of the moving car with his left hand, and while trying to locate and operate the lever to uncouple the car, the handle of the switch-stand, which was at that time turned towards the track, either caught his coat or struck him on the body and turned him around and threw him under the wheels of the car, causing the injury complained of.

Appellee had passed over this switch before while riding on top of cars and had thrown the switch at least once, but the evidence does not show that he ever stood at the switch-stand while cars passed, or that he knew or had enjoyed an opportunity of knowing how near the end of the handle, when thrown toward the track, would be to a passing freight car.

At the close of plaintiff's evidence, and again at the close of all the testimony in the case, appellant offered an instruction directing the jury to find the defendant not guilty, which instruction the court refused in both instances.

The action of the court in refusing this instruction; in permitting witnesses to testify to the width of cars

used by appellant without identifying such cars as the
car which caused the injury; in permitting plaintiff to
show, by cross-examination, that in many places a dif-
ferent kind of switch-stand, of the latest pattern, was
being substituted for the kind in use at the switch where
plaintiff was injured; in refusing two instructions offered
by appellant, and in giving appellant's first instruction,
are all urged by appellant as errors necessitating a re-
versal of the cause by this court.

CHARLES P. WISE, for appellant.

DANIEL McGLYNN, and M. W. BORDERS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Under the evidence in this case the court was war-
ranted in submitting to the jury the question of defend-
ant's negligence. Whether plaintiff can be said, as a
matter of law, to have assumed the risk resulting from
the proximity of the end of the switch-stand handle to
the tracks is more difficult to determine.   Appellee con-
tends that this is solely a question of fact and cannot be
reviewed by this court.   This is not always true. Where
there is a contrariety of evidence on the question it is a
question of fact and the judgment of the Appellate Court
is final, but where there is no dispute in the evidence,—
where it is all harmonious and consistent,—the question
whether the plaintiff assumed the risk becomes one of
law, and if, under such circumstances, it clearly appears
that he did assume the risk, there being no evidence to
the contrary, and the question, as here, is properly pre-
sented to this court, a judgment in his favor will be re-
versed by this court notwithstanding the adjudication
of the Appellate Court. In this case, however, we are of
opinion that the record is not in that condition. It is cer-
tain that Howell knew where the switch-stand was lo-
cated and the manner in which the handle was operated,

but we think that it cannot be held, as a matter of law, that he knew, or by the exercise of ordinary prudence should have known, of the danger resulting therefrom. He cannot, therefore, be said by this court to have assumed the risk. (*Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614; *Union Show Case Co.* v. *Blindauer*, 175 id. 325; *Chicago and Eastern Illinois Railroad Co.* v. *Knapp*, 176 id. 127; *North Chicago Street Railroad Co.* v. *Dudgeon*, 184 id. 477; *Swift* v. *O'Neill*, 187 id. 337.) It appears that he had thrown the switch there at least once, but it does not appear that he ever stood on that side of the track while an engine or car passed, so that he would have had an opportunity to observe how dangerously close that switch handle, when turned towards the track, would be to a passing freight car. It is easy to see that he could go to the switch-stand, throw the handle over toward the track and pass on about the performance of his duties without at any time being in a position where he would observe or have his attention called to the proximity of the handle to a passing freight car. He, himself, testified that he did not know, prior to the accident, how close these two objects would be to each other.

It is also urged that the plaintiff was guilty of negligence in attempting to uncouple the cars while they were in motion, for the reason that the snow rendered the footing uncertain and slippery, making it unsafe to uncouple the car while it was in motion. His negligence in this respect, if any, did not contribute to the injury.

Under these circumstances we cannot say that the evidence, with the reasonable inferences to be drawn therefrom, does not warrant the verdict. The instruction to find for the defendant was properly refused.

The car which ran over Howell was numbered 5900. Two witnesses testified that appellant's box-cars were purchased in different series and that the cars of one series were all the same size; that this car was one of a series; and then testified to the measurements of cars of

that series and to the distance they would project over the rail. The objection is, that the evidence should have been confined to the car appellee was beside when he came against the handle. The objection is not good. One question was whether the defendant was negligent, and in determining that question the jury had a right to take into consideration the proximity of the handle, when turned towards the track, to passing freight cars of the entire series. Moreover, the abstract does not show any objection whatever to the testimony of McCarthy, who testified in greatest detail in reference to these measurements.

The court properly struck out the evidence of the witness Webster, offered on behalf of appellant, in reference to the distance that intervened between the end of the switch handle, when turned toward the track, and passing freight cars, for the reason that it did not appear to be based upon any measurements whatever, but the testimony was merely upon a hypothetical question propounded by counsel for the appellant, presuming the length of the connecting rod, used in conjunction with the switch-stand, and the width of the car. It was not a proper subject to be submitted upon a hypothesis.

Appellant showed by another witness that switch-stands like the one in question had been in general use on railroads for the last twenty years. Appellee was properly permitted to show, on cross-examination, that they were now being re-placed by others of a later pattern. This was germane to the examination in chief.

Objection is made to the first instruction given on the part of the plaintiff. As that instruction has been approved by this court in the recent case of *City of La-Salle* v. *Kostka*, 190 Ill. 130, in which the same criticism was made as is now urged, we do not deem it necessary to enter upon any discussion of the point presented.

Complaint is also made of the refusal of the court to give two instructions asked by the defendant. These in-

structions would have advised the jury that the plaintiff assumed all the risks of his employment, and if injured while in the performance of his duties could not recover. Each amounted to an instruction to find for the defendant; each ignored the question of defendant's negligence, and was properly refused. The doctrine of assumed risk was accurately stated to the jury in the third and fourth instructions given on the part of the defendant.

　　The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*