## The Mobile and Ohio Railroad Company

*v.*

## Martin H. Vallowe.

*Opinion filed February 21, 1905.*

1. RAILROADS—*mere danger, without negligence, imposes no liability on company.* Recovery, in an action against a railroad company for injuries received by a brakeman from coming in contact with the posts supporting a coal chute as he was climbing the ladder on a freight car, cannot be had by showing that there was danger from the posts being near the track, unless it is shown the danger arose from some fault or negligence of the defendant.

2. SAME—*when company should notify an employee of dangers.* If the danger from objects near a railroad track is known to the company but is not known to the employee, and is not so obvious that he would discover it in the exercise of ordinary care, it is the duty of the railroad company to notify him of the danger, and failure to do so renders it liable.

3. SAME—*what risk is not assumed.* In order that the risk of injury from posts set close to the track may be held to have been assumed by an employee of a railroad company under his contract of employment, he must know of the situation of the poles and the danger incident thereto, or be chargeable with knowledge thereof under the circumstances.

4. EVIDENCE—*proof that no other accident had occurred is not admissible.* Proof that the coal chute where plaintiff was injured had been used daily in the same condition for several years, and that no other accident had ever occurred therefrom, is not admissible.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Monroe county; the Hon. R. D. W. HOLDER, Judge, presiding.

LANSDEN & LEEK, and CHAS. MORRISON, for appellant.

BOLLINGER, WINKELMANN & BAER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit in the circuit court of Monroe county to recover damages on account of an injury sustained by him while in the employ of appellant as a brakeman. The suit was brought against appellant and the Willis Coal and Mining Company, but it was dismissed as to the mining company and an amended declaration was filed charging the appellant with negligence in permitting posts to stand so near its side-track as to not leave sufficient room for the plaintiff to perform his work, and in failing to notify him of the danger arising therefrom, and alleging that while in the performance of his duties and while on the ladder ascending the side of a car, with due care and caution for his own safety, he was knocked off by a post and injured. The plea was the general issue, and upon a trial there was a verdict for $1500, on which judgment was entered. The Appellate Court for the Fourth District affirmed the judgment.

It is contended that the trial court erred in refusing to direct a verdict of not guilty, on the motion of the defendant, at the close of the evidence, for the reasons that the defendant was guilty of no negligence in using the side-track with the posts situated as they were; that the plaintiff assumed the risk of danger from the posts, and that he was guilty of negligence in attempting to ride upon the side of the car while passing the posts. As related to these questions the evidence was as follows: Plaintiff was thirty-two years old,

and commenced work for the defendant on August 3, 1901, as a brakeman. On December 31, 1901, he was with his train at Willisville station, where the Willis Coal and Mining Company has a coal mine. He had been on that division about a month and had frequently been at that station. There was a side-track there, used for pushing empty cars under a coal chute, to be filled with coal and hauled out on the main track. The chute was supported by upright posts eight inches square and about seven feet apart. There was a distance of about one foot between the side of a coal car and the row of posts. The day was dark, with a misting rain, and smoke did not rise from the ground. A number of cars were being backed in under that coal chute, where there was a good deal of steam and a great deal of noise from the coal. Plaintiff attempted to climb up the side of the third car from the rear, and was struck by a post and fell off and his thigh bone was broken.

The only evidence touching the averment of the declaration that the defendant negligently permitted the posts to stand near the side-track was the testimony of several witnesses for the defendant that the coal chute, and posts supporting the same, were properly constructed; that the posts were necessary for the support of the coal chute, and were located as far from the track as it was possible to locate them and operate the coal chute, and that it was necessary to set them in that position in order to operate the shaker and the screens and screen the coal. It was conceded that the posts were so near to the passing cars that a brakeman could not safely climb upon the side of a car while passing the posts, and that he would either have to get on the car at some other time or climb upon the end of the car; but the only evidence in the case was that such construction was necessary and proper, and that there was no fault or negligence in that respect.

The defendant was bound to exercise ordinary care to provide a reasonably safe place for plaintiff to do his work,

but if reasonable care was exercised and there was no fault or negligence on the part of defendant in having the posts near the track it would not be liable merely because there was danger. If the defendant furnished as good and safe a place to work as reasonably could be furnished it would not be guilty of negligence. The operation of trains is attended with danger, and liability in such a case does not depend upon the presence of danger, but upon the existence of negligence on the part of the employer. (3 Elliott on Railroads, secs. 1268, 1308.) It was not sufficient to show danger on account of the location of the posts, but it was also necessary to show that danger arose from some fault or negligence of the defendant. The cases where railroad companies have been held liable for injuries resulting from posts or structures near the track have been where negligence was imputed to them. In *Chicago, Burlington and Quincy Railroad Co.* v. *Gregory,* 58 Ill. 272, the ground of liability was that the mail-catcher was negligently placed so near the track as to be a source of danger when it might have been more distant. In *Chicago and Iowa Railroad Co.* v. *Russell,* 91 Ill. 298, the telegraph pole was permitted, by the negligence of the railroad company, to be in dangerous proximity to the track. So, also, in *Chicago and Alton Railroad Co.* v. *Howell,* 208 Ill. 155, the liability depended upon the negligence of the defendant both in respect to the proximity and kind of switch stand. There was no evidence tending to show that the defendant was guilty of negligence in having the posts where they were, but the only evidence was that it was not guilty of any negligence in that respect.

The defendant, however, might be guilty of negligence in failing to warn the plaintiff of the danger, as alleged in the declaration. If the plaintiff had, or by the exercise of reasonable care on his part would have had, knowledge of the situation of the posts and the danger, the defendant would not be liable for a failure to warn and instruct him against such danger, (*Herdman-Harrison Milling Co.* v. *Spehr,* 145

Ill. 329,) but if the danger which was known to the defendant was unknown to the plaintiff and would not be ascertained by him in the exercise of ordinary care and prudence, it became the duty of the defendant to give warning, and for a failure to do so it would be liable. (*Chicago and Alton Railroad Co.* v. *Kerr*, 148 Ill. 605.) If the danger was unknown to the plaintiff and was not obvious to one exercising ordinary care there might be a liability. On these questions the evidence was contradictory. Plaintiff testified to the condition of the weather, the smoke and the noise, and said that when about thirty feet away from the first post he attempted to climb on the side of the car to reach the brake in the center of the car, which it would be necessary for him to set; that he was swinging around to the rear of the car to get to the brake when he was struck by the post; that he did not know the post was there, and that he was never notified or warned by any one of the proximity of the posts to the track. On the part of the defendant there was testimony that the conductor cautioned the plaintiff to be careful about running through the chute; that it was dangerous and he was liable to get hurt, and not to ride on the side of the cars while working around the chute. The top foreman at the mine testified that the plaintiff was between the posts, which were only seven feet apart, and was not thirty feet from the first post, as he had testified; that plaintiff started to climb on a passing car when the witness caught hold of him and told him not to do that or he would get hurt; that he told the plaintiff to let the cars go by and they would not hurt anything, but that just as the witness turned around plaintiff caught the step of the third car between the posts and just stepped on when he was knocked off. This witness was contradicted by the plaintiff, who was called in rebuttal and testified that he did not see the witness; that the witness did not have him by the arm, and that no one spoke to him or said anything to him or caught him by the clothes. If the plaintiff was guilty of contributory negligence he could not

recover, but his own testimony tended to prove, not only that he was ignorant of the situation of the posts, but that the circumstances were such that the court could not say, as a matter of law, that he was guilty of negligence in not learning of their position and the danger. It is also the settled rule that the plaintiff could not recover for injuries caused by dangers and defects of which he had knowledge or was chargeable with knowledge, on the ground that he assumed the risk of all such dangers of the service. If he did not know of the situation of the posts and the danger incident thereto, and was not chargeable with such knowledge, and the danger was not ordinarily incident to the service, he did not assume the risk under his contract of employment. In view of his testimony the court did not err in refusing to direct a verdict for the defendant.

The next point raised is, that the trial court erred in refusing to permit the defendant to prove that the coal chute, and side-tracks under it, had existed in the same condition and had been in daily, continual use for five or six years, and that no injury had ever occurred therefrom. Where the question of notice of a dangerous defect is involved, evidence of prior similar accidents has been deemed competent on that question, (*City of Chicago* v. *Powers,* 42 Ill. 169,) and perhaps it has been intimated that such evidence tends to show that a place is dangerous, on the ground that the danger or safety of a construction is proved by experience in the use of it. If that were true it would be too plain for argument that the rule would work both ways, and if evidence of previous accidents is admissible to show the dangerous character of a place, evidence that no accident had occurred must be admissible on the other side to show that it is not dangerous. In either case the fact that an injury had or had not occurred would involve an inquiry into all the circumstances and the investigation of collateral questions. The legitimate purpose of such evidence is to show notice, and in *Hodges* v. *Bearse,* 129 Ill. 87, it was held not competent to prove

that no accident had happened in the use of an elevator during the four and one-half years it had been in use, because such evidence would only tend to distract the attention of the jury by a multitude of collateral issues. There was no error in excluding the offered evidence.

It is urged that the court erred in giving and refusing instructions. The first instruction given for the plaintiff was argumentative and was evidently founded on a statement made in an opinion discussing a question of fact. It stated "that the law does not require that a brakeman on a freight train should know all the defects of construction and obstruction that may be along the line of the railroad, and that he should neglect the performance of his duties as a brakeman to be on the lookout for such obstructions and defects which may be dangerous." While a brakeman is not bound, as a matter of law, to know of all obstructions or defects or to neglect his duty to be on the lookout for them, he is bound to use ordinary care to observe his surroundings and avoid danger, and the instruction ignored all questions of that kind. The jury, however, were fully instructed, at the request of the defendant, on that subject. They could not have failed to understand from the instructions which were given, that the plaintiff was bound to exercise reasonable care for his own safety, and if he knew, or by the exercise of ordinary care could have known, that the posts were too near the side of the car to enable him to climb upon the side with safety, and he attempted to do so, he could not recover. We do not think the jury could have been misled by the first instruction. The other instructions complained of were not improper, and there was no error in refusing or modifying instructions asked by the defendant.

We find no error in the record calling for a reversal of the judgment of the Appellate Court, and accordingly it is affirmed.

*Judgment affirmed.*