## Chicago & Eastern Illinois Railroad Company v. Charles Redfeairn.

INSTRUCTIONS—*when do not ignore element of exercise of ordinary care.*    Held, that the instructions complained of in this case did not ignore the element of ordinary care essential to the plaintiff's recovery.

Action in case for personal injuries.    Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding.    Heard in this court at the August term, 1906.    Affirmed. Opinion filed March 15, 1907.

H. M. DICK and L. M. KAGY, for appellant; E. H. SENEFF, of counsel.

CHARLES H. HOLT and JUNE C. SMITH, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Marion county, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a section hand. Trial by jury. Verdict and judgment in favor of appellee for $500.

The principal and controlling charge of negligence against appellant in this case is, that it furnished to appellee and his co-laborers composing the section gang, a defective and unsafe hand-car as one of the appliances with which to perform the work in which they were engaged; and one of the principal defenses interposed by appellant was that of assumed risk.

We find that the trial court did not commit reversible error in any of its rulings with respect to the admission or rejection of evidence, that the motion to direct a verdict in favor of appellant was properly denied, and we find that when each feature of the record is considered in connection with the whole, it discloses no error of which appellant is in condition to avail. No error alleged calls for extended discussion, except that alleged to inhere in the first and second instructions given by the court to the jury, at the instance of appellee. These instructions were as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff was in the employ of the defendant company as a section hand, and if you further believe from the evidence that the defendant, in order to facilitate its work, furnished the plaintiff and others employed with him, with a hand-car to be used by them in working on the railroad of the defendant, and going to and from their work, that it then and there became and was the duty of the defendant to exercise reasonable care to provide the plaintiff with a reasonably safe car for the performance of the work required of him under his employment; and if you further believe from a preponderance of the evidence that the defendant company failed to perform its duty in that regard, and did not exercise reasonable care

to provide the plaintiff with a reasonably safe car, and that as a result of such failure of the defendant to perform its duty by providing plaintiff with a reasonably safe car, the plaintiff was injured in manner and form, as charged in plaintiff's declaration; and if you further believe from a preponderance of the evidence that the plaintiff did not know of the defects or unsafe condition of the hand-car, and that the plaintiff was in the exercise of due care and caution for his own personal safety, at and immediately before the time of the injury, if you believe from the evidence he was injured, then you should find the defendant guilty."

"The court instructs the jury that if you believe from a preponderance of the evidence in this case that the defendant was guilty of the negligence charged in plaintiff's declaration, and if you further believe from a preponderance of the evidence that the plaintiff, while in the employ of the defendant in the line of his duty, under his employment was injured by reason of such negligence in manner and form as charged in the declaration; and if you further believe from a preponderance of the evidence that the plaintiff immediately before and at the time of the injury, if you believe from the evidence he was injured, was using due care and caution for his own personal safety, then you should find the defendant guilty."

In City of La Salle v. Kostka, 190 Ill., 131, a case in which the defense of assumed risk was interposed, as here, the same objections were urged against the instructions as the principal objections urged against the instructions in this case. Counsel in that case contended, as counsel in this case do, that the jury might have found all the specified facts in these instructions, and still appellee would not be legally entitled to recover, because the first one does not specify that "by the exercise of ordinary care appellee could have known of the defective and unsafe condition of the hand-car," and because the second one refers to the declaration for the specification of the necessary requisites to a recovery, and that the declaration does not aver that appellee did not know of the dangerous condition of the hand-car, nor that by the exercise

of ordinary care he could not have known of it, nor that he did not have as good an opportunity to know as appellant had. To these contentions the court replies: "The declaration alleges, that the plaintiff 'was using due and ordinary care for his own safety.'" "The allegation of due care in the injured party negatives negligence, and, by implication, that he had knowledge of the defects by reason of which he was injured, etc., etc., etc."; and the court held the instructions good. This holding was followed in the case of the C. & A. R. R. Co. v. Howell, 208 Ill., 155 (160), a case where the defense of assumed risk was interposed, and the instructions challenged on the same grounds as here.

In the case at bar both instructions specifically require the jury to find "that the plaintiff was in the exercise of due care and caution for his own personal safety," before they can return a verdict in his favor, and each count in the declaration contains that averment. We are therefore of opinion that the instructions tested by the law as laid down and held by our Supreme Court in the cases above cited, are in all respects substantially correct and applicable to the pleadings and evidence.

The judgment of the Circuit Court is affirmed.

*Affirmed.*