**Therese C. Stadler, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 18,411.**

1. EVIDENCE—*when error to admit testimony as to prior accidents at the same place.* In a personal injury action, where the car in which plaintiff was riding was derailed and the negligence alleged is the running of the car at too great speed while taking a curve, it is error to admit evidence of similar accidents at the same place.

2. EVIDENCE—*of similar accidents.* Evidence of other accidents occurring from the same cause is competent where the accident depends on a physical defect, like careless or negligent construction, of which previous accidents from the same cause would serve to give notice.

3. APPEALS AND ERRORS—*former trial.* The fact that defendant's negligence was conceded at a previous trial cannot be considered on appeal where the record shows that in the trial appealed from it was put in issue by the pleadings and not conceded.

4. APPEALS AND ERRORS—*when judgment reversed.* A judgment for $5,000 where there is a conflict as to the extent and cause of plaintiff's injuries and evidence tending to show that they were equally attributable to prior operations and other accidents experienced by plaintiff will be reversed when evidence is erroneously received calculated to create prejudice and induce the jury to give punitive damages.

5. APPEALS AND ERRORS—*when judgment cannot be cured by remittitur.* Where prejudicial evidence, having a tendency to affect the judgment, is admitted the judgment must be reversed and remanded since the error cannot be cured by a remittitur.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 9, 1913. Rehearing denied May 27, 1913.

FRANKLIN B. HUSSEY and C. LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

EDWARD MAHER and H. E. WYNEKOOP, for appellee; MORSE IVES, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action brought to recover for personal injuries. The only assignment of error we need consider is whether there was error in the admission of evidence of similar accidents at the same place where plaintiff alleges she was injured. At that point the car tracks curved to and continued on an intersecting street. As the car on which appellee was riding started on the curve, it left the tracks.

The negligence charged in the declaration was that defendant "so carelessly and negligently managed, operated and ran" the car on which plaintiff was riding, that it jumped, ran and left the tracks, and thereby the plaintiff was thrown, etc., and injured. There was no allegation or proof of negligence resulting from any defective condition of the car or tracks.

The negligence relied upon, and which the evidence tended to establish, was the running of the car at too great speed while taking the curve. The accident occurred on a dark night at a place where there were no street lights, and there was evidence tending to show that the motorman did not know that he had reached the curve, and for that reason probably had failed to regulate properly the speed of the car while taking it. Whether, therefore, the car was negligently driven at too great speed in taking the curve was the real question and ultimate fact the jury had to determine.

But one of plaintiff's witnesses was permitted to testify over objection that he had previously observed two other cars leave the rails at the same curve under

similar conditions as to tracks, cars, speed and time. That evidence of other accidents, occurring from the same cause, may be competent has been held in this and other states. *City of Bloomington v. Legg,* 151 Ill. 9, and cases there cited. But in most of the cases in which the question has arisen, the action was against a municipality and involved the element of notice; and all that we have examined involved a dangerous physical defect of which such prior accidents served to give notice. It was said in *Mobile & O. R. Co. v. Vallowe,* 214 Ill. 124, that the legitimate purpose of such evidence is to give notice. But here no question of notice was in issue. The primary instrument or agency causing the accident in question was not a physical one nor claimed to be such, but the failure of the motorman to exercise due care in regulating the speed of the car while taking the curve. Where an accident depends not on a physical defect, like careless or negligent construction of which previous accidents from the same cause would serve to give notice, but on the failure of a particular individual to exercise due care, of which no one in the nature of things can have notice, especially from the conduct of another individual on another occasion, it is manifest that the theory of notice has no application. Even though the prior accidents resulted from careless driving of other motormen, yet they had no tendency to show that the motorman who drove the car in question was negligent.

But it is urged that in a former trial of this case defendant's negligence was conceded. Even were that so, we are limited to the consideration of the present record which shows it was put in issue by the pleadings and not conceded at the trial.

But the effect of such testimony was not limited to the question of negligence. If it were, we might deem it harmless in view of the fact that the record discloses no other cause of the accident. But it was otherwise prejudicial. Evidence of what purported

316 APPELLATE COURTS OF ILLINOIS.

A. C. Badger Adver. Co. v. U. S. Music Co., 180 Ill. App. 316.

to be repeated negligence at the same place, was calculated to create prejudice and induce the jury to give punitive damages. They were not instructed as to its probative value or application, and it is not at all improbable, as contended, that it produced such effect. Their verdict was for $5,000 in a case in which there was not only a serious conflict as to the extent and cause of plaintiff's injuries, but evidence tending to show that they were equally attributable to prior operations and other accidents experienced by her. If, as we think, the evidence had a tendency to affect the judgment of the jury as to the amount of damages to be assessed, it was error to admit it and it cannot be cured by requiring a remittitur. *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244. The judgment will, therefore, be reversed and the cause remanded for a new trial.

*Reversed and remanded.*